**Not for Publication**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **In re E\*TRADE CASH SWEEP LITIGATION** | **Civil Action No. 24-0603 (ES) (MAH)**<br><br>**OPINION** |

**SALAS, DISTRICT JUDGE**

Before the Court are three competing motions for the appointment of interim class council: (i) one filed by Sergey Burmin and Kenneth W. Luke's (together, "*Burmin* Plaintiffs"), (D.E. No. 86 ("*Burmin* Motion"); D.E. No. 86-1 ("*Burmin* Mov. Br."));[1] (ii) another by Thomas M. Simmons ("*Simmons* Plaintiff"), *Simmons v. E\*TRADE Securities, LLC*, No. 24-11341 (D.N.J.), D.E. No. 59 ("*Simmons* Motion"); and (iii) a final motion by Mark E. McKinney, Neal Gagner, and James Bertonis's (together, "*McKinney* Plaintiffs"), *McKinney v. Morgan Stanley*, No. 25-14143 (D.N.J.), D.E. No. 89 ("*McKinney* Motion"). The Court resolves the motions without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, the Court **GRANTS** the *Burmin* Motion and the *McKinney* Motion **IN PART**. It accordingly **DENIES** the *Simmons* Motion as **MOOT**.

### I.    BACKGROUND

On February 1, 2024, *Burmin* Plaintiffs filed a class action complaint against E\*TRADE Securities, LLC and Morgan Stanley Smith Barney, LLC (together, "Defendants") on behalf of persons or entities who maintained retirement accounts with Defendants at any time beginning

---

[1]    *Burmin* Plaintiffs additionally move for the appointment of liaison counsel.

February 1, 2018.  (D.E. No. 1 at 1).  Plaintiffs alleged that Defendants had violated a contractual obligation "to provide Plaintiffs and Class Members with 'a reasonable rate of interest' on retirement cash assets."  (*Id*. ¶ 131).  On April 15, 2024, Defendants filed a motion to dismiss Plaintiffs' Complaint, which Plaintiffs opposed.  (D.E. No. 31; *see also* D.E. No. 35; D.E. No. 38).[2]

On January 10, 2025, Mark E. McKinney and Neal Gagner filed a motion to intervene pursuant to Federal Rule of Civil Procedure 24.  (D.E. Nos. 47 & 48).  McKinney and Gagner requested intervention "for the limited purpose of moving (1) to transfer the above-captioned action to the United States District Court for the Southern District of New York or, in the alternative, (2) to temporarily stay further proceedings in the Instant Action pending a decision by the Judicial Panel for Multidistrict Litigation in In re Cash Sweep Programs Contract Litigation, MDL No. 3136."  (D.E. No. 48 (citation modified)).  Defendants wrote to the Court in support of the motion; Plaintiffs did the same in opposition.  (D.E. Nos. 51 & 52).  On January 28, 2025, this Court held a telephonic status conference to discuss the motion.  (D.E. No. 55).

On October 17, 2025, the Honorable Michael A. Hammer, U.S.M.J. ("Judge Hammer") ordered the parties to file a proposed stipulation and order for the consolidation of related matters; the parties complied.  (D.E. Nos. 83 & 87).  Judge Hammer thereby consolidated two other actions into *Burmin v. E\*TRRADE Securities, LLC, et al*., No. 24-0603 (D.N.J.) (the "*Burmin* Action"): *Simmons v. E\*TRADE Securities LLC, et al*., No. 24-11341 (the "*Simmons* Action"); and *McKinney, et al. v. Morgan Stanley, et al*., No. 25-14143 (the "*McKinney* Action").  Two other cases, *Gagner v. Morgan Stanley, et al*., No. 24-9875 (S.D.N.Y.) (filed December 21, 2024) and

---

[2]    On November 6, 2025, the Court **DENIED** this motion as moot, *without prejudice*.  (D.E. No. 87).

*Bertonis v. Morgan Stanley, et al.*, No. 25-1589 (filed February 25, 2025), were previously consolidated with *McKinney* on January 7 and March 14, 2025, respectively.  Together, these actions make up the present "Consolidated Action" and bear the caption *In re E\*TRADE Cash Sweep Litigation*, No. 24-0603.

Judge Hammer further ordered the parties to file any motion for the appointment of interim class counsel by October 30, 2025.  In accordance with His Honor's order, *Burmin* Plaintiffs filed the *Burmin* Motion, moving for appointment of law firm Wolf Popper, LLC ("Wolf Popper") as interim lead class counsel and Cohn Lifland Pearlman Herrmann & Knopf, LLP ("Cohn Lifland") as liaison counsel.  (D.E. No. 86).  *Burmin* Plaintiffs also filed a memorandum in opposition to the competing motions previously filed by counsel for plaintiffs in *McKinney* and *Simmons* before those matters were consolidated with *Burmin*.  (D.E. No. 88; *see also McKinney* Motion (moving for appointment of law firm Robbins Geller Rudman and Dowd ("Robbins Geller")); *Simmons* Motion (moving for appointment of law firms BLB&G, BMPC, and WDD ("Sweeps Counsel")).  *McKinney* Plaintiffs filed an opposition to both the *Burmin* and *Simmons* Motions.  (D.E. No. 89 ("*McKinney* Opp. Br.")).  *Simmons* Plaintiff filed an opposition to both the *Burmin* and *McKinney* Motions.  (D.E. No. 90 ("*Simmons* Opp. Br.")).  *Burmin* Plaintiffs replied to the *McKinney* and *Simmons* oppositions, (D.E. No. 91 ("*Burmin* Reply Br.")); *McKinney* Plaintiffs replied to the *Burmin* and *Simmons* oppositions, (D.E. No. 92 ("*McKinney* Reply Br.")); and *Simmons* Plaintiff replied to the *Burmin* and *McKinney* oppositions, (D.E. No. 93 ("*Simmons* Reply Br.")).

## II.     LEGAL STANDARD

"A court may appoint interim class counsel before certifying a class." *Berkelhammer v. Automatic Data Processing, Inc.*, No. 20-5696, 2022 WL 3593855, at \*2 (D.N.J. Aug. 23, 2022) (citing Fed. R. Civ. P. 23(g)).  To do so, a court must consider four factors: "(i) the work counsel

has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). A court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). "If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). "'In determining lead counsel, a court should conduct an independent review to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable.'" *In re New Jersey Tax Sales Certificates Antitrust Litig.*, No. 12-1893, 2012 WL 5214598, at *2 (D.N.J. Oct. 22, 2012) (quoting *In re Delphi ERISA Litig.,* 230 F.R.D. 496, 498 (E.D. Mich. 2005)).

### III.   DISCUSSION

The Wolf Popper, Robbins Geller, and Sweeps Counsel applications demonstrate that each entity possesses the knowledge and experience to ably represent the interests of the class. After careful consideration, however, the Court holds that Wolf Popper and Robbins Geller are best suited to serve as interim co-class counsel in this consolidated matter.

The Court is persuaded by Wolf Popper's involvement in the original *Burmin* action, prior to the consolidation of the *Simmons* and *McKinney* matters—both of which were "filed months after *Burmin*." (D.E. No. 86-1). Indeed, "McKinney's initial pleading . . . borrowed heavily from *Burmin*." (*Id*. at 7–8). And Sweeps Counsel have "acknowledged . . . that *Burmin* was the first-filed action and 'has progressed significantly' and that *Simmons* was filed to supplement *Burmin* to 'cover all potential class members' in order 'to address the full scope of E*TRADE's

misconduct.'" (*Id*. at 9 (quoting *McKinney* Action, ECF 26 at 1)).  In preparing the *Burmin* complaint, Wolf Popper conducted "extensive research into Defendants' sweep programs, as well as client interviews and an analysis of Mr. Burmin's and Mr. Luke's E*TRADE brokerage materials and investing conduct."  (*Id*. at 14).  Wolf Popper further reports that, until the Undersigned stayed the *Burmin* matter, *Burmin* Plaintiffs made significant progress, including "negotiat[ing] a joint discovery plan[,]" "exchang[ing] initial disclosures, comprehensive document requests and interrogatories, and written responses[,]" and "engag[ing] in numerous and lengthy meet-and-confer correspondence and videoconference sessions over discovery disputes and alleged discovery deficiencies."  (*Id*. at 16).

Moreover, Wolf Popper modeled the *Burmin* action on its "*Valelly* case against Merrill Lynch, commenced in 2019 in the Southern District of New York, where Judge Caproni sustained the plaintiff's nearly-identical claim for breach of a retirement account agreement to pay a reasonable rate of interest on swept cash."  (*Id*. at 4 (citing *Valelly v. Merrill Lynch, Pierce, Fenner & Smith Inc*., No. 19-7998, 2021 WL 240737, at *1 (S.D.N.Y. Jan. 25, 2021)).  *Burmin* Plaintiffs report that, "[o]ver six years, *Valelly* [has] advanced through extensive fact and expert discovery and Wolf Popper defeated Merrill Lynch's Daubert motion and its summary judgment motion."  (*Id*. at 5 (citation modified)).  Many sweep cases, like this one, have been filed since, and "other sweep counsel repeatedly citing to rulings from *Valelly* in their briefs.  Relatedly, motion to dismiss decisions in these subsequently-filed actions also often cite to *Valelly*."  (*Id*. at 14).  While Robbins Geller and Sweeps Counsel certainly have experience litigating such matters, their "experience is all in connection with litigation pending for approximately a year or less."  (*Id*. at 13).

Both Robbins Geller and Sweeps Counsel, however, contend that Wolf Popper cannot adequately represent the interests of the class, as the *Burmin* complaint focuses only on retirement

claims, while the *Simmons* and *McKinney* complaints include non-retirement claims.  (*McKinney* Opp. Br. at 1).  The Court does not necessarily share these concerns.  It will, nevertheless, appoint Robbins Geller as interim co-lead class counsel, alongside Wolf Popper, in order to ensure that plaintiffs with non-retirement claims are adequately represented.  Like Wolf Popper, Robbins Geller has the experience and knowledge required by Rule 23(g), particularly given that "[t]he firm serves as sole or co-lead counsel for plaintiffs in four other ongoing cash sweep cases." (*McKinney* Opp. Br. at 6 (citing *In re Merrill Lynch Cash Sweep Programs*, No. 23-10768 (S.D.N.Y.), ECF 58 (appointing Robbins Geller as interim co-lead counsel); *In re RBC Capital Markets Cash Sweep Litig.*, No. 24-08226 (S.D.N.Y.), ECF 31 (appointing Robbins Geller as interim co-lead counsel); *Liberty Cap. Grp. v. Oppenheimer Holdings Inc.*, No. 25-4822 (S.D.N.Y.) (sole counsel); *Witchko v. EdgeCo Holdings, L.P.*, No. 25-0781 (W.D. Pa.) (sole counsel))).

Furthermore, Wolf Popper and Robbins Geller presently serve as interim co-lead class counsel in the consolidated *Merrill Lynch* cash sweep action, a fact which makes the Court optimistic that the two entities will be able to work quickly and efficiently with one another.  (*Id*. at 15 (citing *In re Merrill Lynch Cash Sweep Programs*, No. 23-10768 (S.D.N.Y.)).  Wolf Popper in particular has represented that it is "receptive to working with either Bernstein Litowitz Berger & Grossmann, LLP . . . or Robbins Geller Rudman & Dowd LLP . . . on an Interim Co-Lead Counsel basis."  (*Burmin* Mov. Br. at 3).  And in a letter to the Undersigned filed on August 4, 2025, Robbins Geller represented that it and Wolf Popper "are . . . best positioned to advance the interests of the putative class by using their shared experience and work to limit unnecessary expense and delay."  (D.E. No. 72-1 at 4 n.2).  Nevertheless, "[t]he Court reminds interim counsel that they 'are subject to an on-going duty to advise the Court of any conflicts of interest that

develop between the [parties] that the putative class is to represent so that the Court may, if necessary, modify its appointed interim leadership structure to address and mitigate any such conflicts.'" *In re New Jersey Tax Sales Certificates Antitrust Litig.*, No. 12-1893, 2012 WL 5214598, at *3 (D.N.J. Oct. 22, 2012) (quoting *Delphi*, 230 F.R.D. at 499).

Finally, the *Simmons* Motion does not persuade the Court. In the last-filed complaint of the three, the *Simmons* Plaintiff largely "allege[s] the same underlying facts, against the same defendants, on behalf of the same putative class." (*McKinney* Opp. Br. at 9). And though not dispositive, the Court is unconvinced that the Sweeps Counsels' five-firm structure will not result in undue strain on judicial resources and economy. *See, e.g.*, *In re Milestone Sci. Sec. Litig.*, 187 F.R.D. 165, 176 (D.N.J. 1999) ("[T]he approval of multiple lead counsel may engender inefficiency in class action litigation. . . . The potential for duplicative services and the concomitant increase in attorneys' fees works against the approval of multiple lead counsel."); Manual for Complex Litigation 3rd § 20.221 at 27–28 ("Because the appointment of committees of counsel can lead to substantially increased costs, they should not be made unless needed; a need is most likely to exist in cases in which the interests and positions of group members are sufficiently dissimilar to justify giving them representation in decision making. . . . Great care must be taken, however, to avoid unnecessary duplication of efforts and to control fees and expenses."); *In re Remicade Antitrust Litig.*, No. 17-4326, 2018 WL 514501, at *2 (E.D. Pa. Jan. 23, 2018) ("The PSC has not demonstrated how the possible benefits derived from a multi-firm structure outweigh . . . inherent risks. We will therefore not burden the proposed class with the litigation-by-committee approach.").

## IV.   CONCLUSION

For the reasons set forth above, (i) the *Burmin* Motion is **GRANTED** in part and **DENIED**

in part; (ii) the *McKinney* Motion is **GRANTED** in part and **DENIED** in part; and (iii) the

*Simmons* Motion is **DENIED**.  An appropriate Order accompanies this Opinion.


<u>s/Esther Salas</u>
**Esther Salas, U.S.D.J.**

8